1  Scott P. Shaw (Bar No. 223592)
   sshaw@calljensen.com
2  John T. Egley (Bar No. 232545)
   jegley@calljensen.com
3  Samuel G. Brooks (Bar No. 272107)
   sbrooks@calljensen.com
4  CALL & JENSEN
   A Professional Corporation
5  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
6  Tel:    (949) 717-3000
   Fax:    (949) 717-3100
7

8  Attorneys for Meetu Magic, Inc. (erroneously sued as Meetv Magic, Inc.)

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL OF CALIFORNIA

12

| 13  STAR FABRICS, INC., a California Corporation, | Case No.    2:14-cv-09704 R AGR |
|---|---|
| 14          Plaintiff, | **PROTECTIVE ORDER** |
| 15               vs. | |
| 16  BURLINGTON COAT FACTORY DIRECT CORP., a Delaware Corporation; WENG HENG JUVEN'S INC., a New York Corporation; INDIA EMPORIUM, INC., a New York Corporation; MEETV MAGIC, INC., a New York Corporation; DAVID & YOUNG GROUP CORP., a New York Corporation; MACKSON, INC., a New York Corporation; and DOES 1 through 10, | |
| 20          Defendants. | |

22                                          Complaint Filed:    December 18, 2014
                                            Trial Date:         None Set
23

24

25

26

27

28

1    On stipulation of the Parties, the Court enters a Protective Order in this matter as follows:

2

3    1.    PURPOSES AND LIMITATIONS

4    Disclosure and discovery activity in this action are likely to involve production of confidential,

5    proprietary, or private information for which special protection from public disclosure and from use

6    for any purpose other than prosecuting this matter would be warranted.  Accordingly, the parties have

7    stipulated to and petitioned this Court to enter the following Stipulated Protective Order.  The parties

8    acknowledge that this Order does not confer blanket protections on all disclosures or responses to

9    discovery and that the protection it affords extends only to the limited information or items that are

10   entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that

11   the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential,

12   proprietary, or private information.  The parties reserve their rights to object to or withhold any

13   information, including confidential, proprietary, or private information, on any other applicable

14   grounds permitted by law, including third-party rights and relevancy.

15

16   2.    DEFINITIONS

17   2.1    Party: any party to this action, including all of its officers, directors, employees,

18   consultants, retained experts, and outside counsel (and their support staff).

19   2.2    Disclosure or Discovery Material:  all items or information, regardless of the

20   medium or manner generated, stored, or maintained (including, among other things, testimony,

21   transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery

22   in this matter.

23   2.3    "Confidential" Information or Items: All information in whatever form, such as

24   oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence

25   that:

26   a) derives independent economic value, actual or potential, from not being

27   generally known to, and not being readily ascertainable by proper means, by other persons who can

28   obtain economic value from its disclosure or use;

MEE01-13:Stipulated Protective Order (Proposed Order).docx:6-22-15     - 2 -

PROTECTIVE ORDER

1      b) is the subject of efforts that are reasonable under the circumstances to

2  maintain its secrecy; and

3      c) is otherwise regarded by a party as being confidential, private, or proprietary

4  in nature.

5      2.4    "Attorneys' Eyes Only":  Discovery Material or such portion of such material

6  that the disclosing party has a reasonable belief that the information disclosed, if known to one or more

7  parties in the case would have a reasonable chance of putting the disclosing party to a competitive

8  disadvantage or otherwise result in the disclosure of sensitive proprietary information that could cause

9  future harm. Notwithstanding the terms of this agreement, Plaintiff's attorney is entitled to disclose to

10  Plaintiff the total revenue and gross profit data disclosed in this action, as well as the names of any

11  parties responsible for distributing the infringing product at issue, or any components of said product.

12      2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

13  Producing Party.

14      2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

15  Material in this action.

16      2.7    Designating Party:  a Party or non-party that designates information or items

17  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS'

18  EYES ONLY."

19      2.8    Protected Material:  any Disclosure or Discovery Material that is designated as

20  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

21      2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent

22  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

23  consultant in this action.  This definition includes a professional jury or trial consultant retained in

24  connection with this litigation.  The expert witness or consultant may not be a past or a current

25  employee of the Party (including any affiliates or related entities) adverse to the Party engaging the

26  expert witness or consultant, or someone who at the time of retention is anticipated to become an

27  employee of the Party (including any affiliates or related entities) adverse to the Party engaging the

28  expert witness or consultant.

1    2.10    Professional Vendors:  persons or entities that provide litigation support services

2  (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

3  storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

4

5    3.    SCOPE

6    The protections conferred by this Stipulation and Order cover not only Protected Material (as

7  defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

8  summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

9  counsel to or in litigation or in other settings that might reveal Protected Material.

10

11    4.    DURATION

12    Even after the termination of this action, the confidentiality obligations imposed by this Order

13  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

14  directs.

15

16    5.    DESIGNATING PROTECTED MATERIAL

17    5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

18  Party or non-party that designates information or items for protection under this Order must take care

19  to limit any such designation to specific material that qualifies under the appropriate standards. A

20  Designating Party must take care to designate for protection only those parts of material, documents,

21  items, or oral or written communications that qualify – so that other portions of the material,

22  documents, items, or communications for which protection is not warranted are not swept unjustifiably

23  within the ambit of this Order.

24

25    5.2    Manner and Timing of Designations.  Except as otherwise provided in this

26  Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

27  material that qualifies for protection under this Order must be clearly so designated before the material

28  is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order.  Then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

1    are appropriately designated for protection within the 20 days shall be covered by the provisions of

2    this Stipulated Protective Order.

3                    Transcript pages containing Protected Material must be separately bound by the

4    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

5    "ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

6    witness or presenting the testimony.

7                    (c)     for information produced in some form other than documentary, and for

8    any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

9    container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

10   "ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the

11   Producing Party, to the extent practicable, shall identify the protected portions, specifying whether

12   they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

13                   5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

14   designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

15   does not, standing alone, waive the Designating Party's right to secure protection under this Order for

16   such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS'

17   EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of

18   the designation, must make reasonable efforts to assure that the material is treated in accordance with

19   the provisions of this Order.

20

21           6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

22                   6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

23   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

24   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

25   right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

26   original designation is disclosed.

27                   6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

28   Party's confidentiality designation must do so in good faith and must begin the process by conferring

1   with counsel for the Designating Party in writing.  In conferring, the challenging Party must explain

2   the basis for its belief that the confidentiality designation was not proper and must give the

3   Designating Party an opportunity to review the designated material, to reconsider the circumstances,

4   and, if no change in designation is offered, to explain the basis for the chosen designation.  A

5   challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

6   meet-and-confer process first.

7   6.3   Court Intervention.  A Party that elects to press a challenge to a confidentiality

8   designation after considering the justification offered by the Designating Party may file and serve a

9   motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

10   such motion must be accompanied by a competent declaration that affirms that the movant has

11   complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets

12   forth with specificity the justification for the confidentiality designation that was given by the

13   Designating Party in the meet-and-confer dialogue.  The parties agree that a confidentiality designation

14   shall not create a presumption in favor of such confidentiality designation, and that the Court shall

15   decide the issue as such.

16   Until the Court rules on the challenge, all parties shall continue to afford the material in

17   question the level of protection to which it is entitled under the Producing Party's designation.

18

19   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

20   7.1   Basic Principles.   A Receiving Party may use Protected Material that is

21   disclosed or produced by another Party or by a non-party in connection with this case only for

22   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed

23   only to the categories of persons and under the conditions described in this Order.  When the litigation

24   has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

25   DISPOSITION).

26   Protected Material must be stored and maintained by a Receiving Party at a location

27   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

28

7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Board members, officers and directors of the Receiving Party;

(c)     Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court personnel assigned to this litigation;

(f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author of the document or the original source of the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

1                   (b)     Experts (as defined in this Order) of the Receiving Party to whom

2 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

3 Agreement to Be Bound" (Exhibit A);

4                   (c)     the Court personnel assigned to this litigation;

5                   (d)     court reporters, their staffs, and professional vendors to whom disclosure

6 is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

7 to Be Bound" (Exhibit A); and

8                   (e)     the author of the document or the original source of the information.

9

10        8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

11                LITIGATION

12      If a Receiving Party is served with a subpoena or an order issued in other litigation that would

13 compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating

14 Party, in writing immediately and in no event more than five business days after receiving the

15 subpoena or order.  Such notification must include a copy of the subpoena or court order.  The

16 Receiving Party also must immediately inform in writing the Party who caused the subpoena or order

17 to issue in the other litigation that some or all of the material covered by the subpoena or order is the

18 subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated

19 Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

20      The purpose of imposing these duties is to alert the interested parties to the existence of this

21 Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

22 confidentiality interests in the court from which the subpoena or order issued.

23

24        9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

27 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

28 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person

CALL&
JENSEN EST.1981

1   or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

2   such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

3   hereto as Exhibit A.

4

5   10.    FILING PROTECTED MATERIAL

6   Without written permission from the Designating Party, or a court order secured after

7   appropriate notice to all interested persons and after following the procedures provided for in Local

8   Rule 79-5.1, a Party may not file in the public record in this action any Protected Material. In the event

9   that the Court refuses to allow any document to be filed under seal, despite the Receiving Party's

10  compliance with the foregoing, the Federal Rules of Civil Procedure and Local Rules of this Court, the

11  Receiving Party may, nonetheless, file such documents with the Court as part of the public record.

12

13  11.    FINAL DISPOSITION

14  Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after

15  the final termination of this action, each Receiving Party must return all Protected Material to the

16  Producing Party or destroy the Protected Material. As used in this subdivision, "all Protected Material"

17  includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

18  any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival

19  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

20  product, even if such materials contain Protected Material. Any such archival copies that contain or

21  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

22  (DURATION), above.

23

24  12.    MISCELLANEOUS

25  12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person

26  to seek its modification in the future.

27  12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

28  Order no Party waives any right it otherwise would have to object to disclosing or producing any

1   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

2   Party waives any right to object on any ground to use in evidence of any of the material covered by

3   this Protective Order.

4          12.3   <u>Inadvertent Production of Privileged Documents</u>. If a Party, through

5   inadvertence, produces any document or information that it believes is immune from discovery

6   pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such

7   production shall not be deemed a waiver of any privilege, and the Producing Party may give written

8   notice to the Receiving Party that the document or information produced is deemed privileged and that

9   return of the document or information is requested. Upon receipt of such notice, the Receiving Party

10  shall immediately gather the original and all copies of the document or information of which the

11  Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall

12  immediately return the original and all such copies to the Producing Party. Nothing stated herein shall

13  preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

14         12.4   Unless the parties stipulate otherwise, evidence of the existence or nonexistence

15  of a designation under this Protective Order shall not be admissible for any purpose during any

16  proceeding on the merits of this action.

17         12.5   This Order is entered based on the representations and agreements of the parties

18  and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a

19  judicial determination that any document or material designated Confidential Information or

20  Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c)

21  of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a

22  specific document or issue.

23         12.6   Nothing in this Order shall affect the right of the Designating Party to disclose

24  ///

25  ///

26  ///

27  ///

28

1  the Designating Party's own Confidential information or items to any person or entity.  Such

2  disclosure shall not waive any of the protections of this Order.

3

4  PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6

7  Dated:  June 19, 2015

8                                                          By: _____

9                                                               Honorable Manuel L. Real
                                                                U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Star Fabrics, Inc. v. Burlington Coat Factory Direct Corp.*, Case No. 14-cv-09704-R-AGR. I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER